Curia, per
O’Neall, J.
The general rule is, that “the declarations of an agent, as to acts within the scope of his authority, and when so acting, are as conclusive evidence against the principal, as if he had himself made the admission.”
It was under this rule, and in reference to it, that the *25 admissions or declarations of the agent, Caldwell, were received. He was authorized by the plaintiffs to secure their debt against M'Cullough. In the exercise of that agency, he was present when M'Cullough ploposed to Rogers, and he assented on certain conditions, to be his security. Caldwell subsequently obtained notes executed by M'Cullough and the defendant for the debt, and called on Rodgers to obtain his signature, and then told him that the defendant had signed, on the conditions which he, Rodgers, had made with M'Cullough, when he agreed to become his security. This, it will be observed, was all done and said while Caldwell had the notes, and while he was endeavoring to obtain further security. There can therefore be no doubt that he then stood in the place of the plaintiffs, and that his declarations are their declarations.
Notwithstanding we think the evidence was properly received, yet we are far from believing that it was enough to discharge the defendant from his contract. There are only two points of view in which the defendant could claim to be relieved, viz: 1st. That the notes, (for they were under seal,) were delivered as an escroto, There was nothing in the proof which authorized the belief that they were delivered to Caldwell, not to have effect until Rodgers signed them. That the defendant expected Rodgers would sign as a security, and that M'Cullough would deliver to him books and papers, as an indemnity for their security-ship, I have no doubt, but that he stipulated with Caldwell, that his notes should not have effect until one or both of these things were done, did not appear. 2d. That the agent, Caldwell, obtained his signature by representing that Rodgers would sign the note, and that M'Cullough would place in his (Rodgers’) hands his books and papers, to be by him collected and applied in payment of the debt. The proof did not make out any such fraud on the part of Caldwell.
It was simply proved, that Stribling signed upon the understanding that M'Cullough would place his books and papers in the hands of Rodgers, to be by him collected and applied in payment of this debt. If M'Cullough did not perform this contract, it is the defendant’s misfortune, but not' *26 the plaintiffs’s fault. Nothing to prejudice them can therefore be claimed in this respect.
The motion for a new trial is granted.
Richardson, Evans, Earle, Butler and Wardlaw. JJ. concurred.